IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   04-cv-01101-RPM-MJW

HELEN TOMICICH,

      Plaintiffs,

v.

PUEBLO CITY-COUNTY LIBRARY DISTRICT,
JERRY KING,
RICHARD LEE,
JANET COX,
JANE CARLSON and
ANTHONY ORTEGON,

      Defendants.

---

ORDER FOR JUDGMENT FOR DEFENDANTS AND FOR DISMISSAL OF COUNTERCLAIM

---

      Helen Tomicich was the Director for Human Resources of the Defendant Pueblo City-County Library District ("District") from January 1, 1998, until the Board of Trustees terminated her employment on July 23, 2003.  The Library District is a governmental entity under Colorado law governed by a Board of Trustees appointed by the Pueblo City Council and the Board of County Commissioners of Pueblo County.

      Ms.Tomicich initiated this litigation by filing a complaint in the District Court, Pueblo County, Colorado, against the District, alleging breach of an express employment agreement; breach of express and/or implied covenants; promissory estoppel; wrongful discharge contrary to public policy; unjust enrichment and a statutory wage claim.

      An amended complaint was filed on April 28, 2004, adding claims against the individual defendants named in the caption above and additional claims for relief, including the 11th claim for relief against the District, Jerry King, Richard Lee, Janet Cox, and Jane Carlson for violating the plaintiff's rights to free speech and assembly, seeking damages

under 42 U.S.C. § 1983.  The defendants removed to this court, based on the federal question raised by that claim and all of the defendants have now moved for summary judgment seeking dismissal of all of the plaintiff's claims.

The parties dispute the terms of the plaintiff's employment at the time of termination.  Initially, there was an express written contract identifying the services to be performed and including the following language.

> The parties agree that the employee will become a contract employee on the 1st day of January, 1998 and continue until the 31st day of December, 2000 unless this agreement is terminated by either party with or without cause with thirty days written notice.
>                         Defendants' Brief, Exhibit B

The contract also included an acknowledgment that Helen Tomicich was "outsourcing human resource services to other companies and agencies" and referring to her as an employee of the District, it was agreed that the District would be withholding from her paycheck those items required to be withheld from its full-time employees, and the District would provide benefits that it provides to full-time employees, except for leave benefits.

On November 28, 2000, another written contract was executed for the period from January 1, 2001, to December 31, 2004, unless the agreement is terminated by either party with or without cause with thirty days written notice.  That contract described the plaintiff as a "contract employee" and included the same paragraphs acknowledging Ms. Tomicich's services to others and with respect to withholding and benefits.  Defendants' Brief, Exhibit D.

The position of the Library District is that the termination was consistent with the power of termination in the November 28, 2000, agreement.  The plaintiff contends that she became a regular full-time employee of the District and points to personnel action forms and the testimony of Roxanne Pacheco, the payroll clerk, that she considered Ms.

2

Tomicich a regular employee. The personnel forms suggest what the plaintiff claims but they are not persuasive because they are consistent with the language of the written agreement that payment would be handled in the same manner as a regular employee. Ms. Tomicich's employment was under the November 28, 2000, contract and she has no claim for breach of it.

In making her claims of regular full-time employment, the plaintiff is attempting to assert that she could only be fired for good cause. That is her claim for implied contract. Her claim is defeated, however, by the Employee Handbook, Exhibit G, which Ms. Tomicich prepared as a part of the services she provided to the District. It contains in the introduction and in the acknowledgment of the receipt of the handbook, signed by each employee, a clear statement that all employees are "at will" and that their employment can be terminated at any time with or without cause. The only contention to the contrary would be that the "Problem Solving" provisions imply that the employee would be given some sort of opportunity to address any problem. It does not create any rights to continued employment. There is nothing in that section of the handbook which forms an adequate basis for an implied or express contract, given the clear expression of the policy of employment at will.

Accordingly, the plaintiff's claims against the Library District and the other defendants based on a breach of contract, express or implied, promissory estoppel and intentional interference with contract are without adequate foundation in fact.

The federal claim is that the termination decision by the Board of Trustees was motivated by an intention to retaliate against Ms. Tomicich because of her public statements concerning the Library District's discharge and then rehiring of the defendant Richard Lee as Executive Director.

The papers filed by the parties show that a public controversy arose in April, 2003, when the Board was considering terminating the employment of Richard Lee as Executive Director. At a meeting of the Board, attended by District employees who spoke in support of Mr. Lee, the Board's president asked Ms. Tomicich for her thoughts as the Director of Human Resources and she replied that there were two sides of the story and that Mr. Lee had threatened employees about losing their jobs. Plaintiff's deposition, p. 173. Mr. Lee was removed and the public controversy resulted in a change in the Board and re-hiring of Mr. Lee by a new Board. The plaintiff claims that Mr. Lee and the other defendants then created another controversy concerning her conduct and her claim to a Ph.D. degree as a trumped up reason for terminating her contract of employment.

The claim for retaliation for her speech is defeated by the fact that she was asked her views as the Human Resources Director and gave her response in fulfillment of her duty in that position. The Supreme Court has made it clear that statements made as an employee in the course of performing the duties of the position are not protected speech under the First Amendment. *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006).

The controversy about the advanced degree would be relevant only if cause were required for this termination and for the reasons stated, Ms. Tomicich could be discharged without cause. It is not necessary for this Court to resolve that dispute.

The plaintiff sued defendant Anthony Ortegon for defamation based on statements he made as a Board member at a public meeting of the District which were then published in a newspaper. The statements were in the context of an evaluation of the Plaintiff's performance as Human Resources Director. The statements were therefore privileged.

None of the Plaintiff's claims have sufficient evidentiary support to warrant trial. Accordingly, the defendants are entitled to a summary judgment of dismissal. The motion

to dismiss filed August 26, 2004, is subsumed by the motion for summary judgment. The motion to disqualify plaintiff's counsel is moot.

The Plaintiff moved for summary judgment of dismissal of Richard Lee's counterclaims against her. They are based on alleged defamatory statements made by Ms. Tomicich in this lawsuit. Pleadings are privileged statements and are not a basis for a defamation claim.

Upon the foregoing, it is

ORDERED, that judgment shall enter dismissing all of the Plaintiff's claims against all of the defendants, with an award of costs and it is

FURTHER ORDERED, that judgment shall enter for the Plaintiff dismissing the counterclaims of defendant Richard Lee.

DATED:   September 25, 2006

                                              BY THE COURT:

                                              s/Richard P. Matsch
                                              _____
                                              Richard P. Matsch, Senior District Judge

Re: Civil Action 04-cv-01101-RPM

## Certificate of Mailing

    I certify that on September 25, 2006, a copy of the foregoing Order for Judgment for Defendants and for Dismissal of Counterclaim entered on September 25, 2006, was mailed via U.S. Mail to the following:

Helen Tomicich
4710 Castor Dr.
Pueblo, CO 81001

GREGORY C. LANGHAM, Clerk

s/M.V. Wentz

By_____
                Deputy